```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
   JEFFREY ST. JOHN,                              MEMORANDUM & ORDER

                        Plaintiff,                13-CV-2437 (NGG) (LB)

         -against-

   MASPETH SUPPLY CO. LLC,

                        Defendant.
------------------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Jeffrey St. John brings this suit against his employer, Defendant Maspeth Supply Co. LLC, alleging that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"). Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) is GRANTED. As set forth below, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE; he may file an amended complaint within thirty days of entry of this Memorandum and Order.

## I.   BACKGROUND

On April 19, 2013, Plaintiff filed this suit alleging that after Defendant hired him as a "flagger," he was laid off and then rehired at a lower wage. (Compl. (Dkt. 1) at 4.) Plaintiff contends that when he complained to his supervisor about the lower wage, he was awarded his initial, higher pay, but was later laid off again. (Id.) Plaintiff also alleges that he performed "labor" work, for which union members were paid a substantially higher wage, but that when he asked to be a part of the union, he was refused. (Id.) According to Plaintiff, this demonstrates

1

that he was discriminated against on the basis of his race (black), color (black), gender (male), religion ("Cat"), national origin ("U.S."), and disability ("none"). (See id. at 3.)

## II. STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews the complaint with "special solicitude" and interprets the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)).

Nonetheless, the court must dismiss the complaint of a plaintiff proceeding IFP if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," however, the court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## III. DISCUSSION

Plaintiff brings this action pursuant to Title VII and the ADEA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms,

2

conditions, or privileges of employment, because of such individual's race, color, religion, sex [gender] or national origin." 42 U.S.C. § 2000e-2(a)(1); Rich v. Associated Brands, Inc., 379 F. App'x 78, 80 n.1 (2d Cir. 2010). To establish a prima facie case of Title VII discrimination, a plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for the position he held; and (3) suffered an adverse employment action; (4) under circumstances giving rise to an inference of discrimination. Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491 (2d Cir. 2010).

The ADEA generally protects individuals over forty from age discrimination in employment. See 29 U.S.C. §§ 623(a), 631(a); McCarthy v. N.Y. City Technical Coll., 202 F.3d 161, 165 (2d Cir. 2000). To establish a prima facie case of age discrimination, a plaintiff must show that (1) he was within the protected age group; (2) he was qualified for the position; (3) he experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010).

Here, even interpreting the Complaint liberally, Plaintiff has not alleged any facts sufficient to support a claim under Title VII or the ADEA. In his recitation of facts, nowhere does Plaintiff make any allegation concerning his race, color, gender, religion, national origin, or disability. (See Compl. at 4.) Instead, Plaintiff seems to complain of being laid off and not admitted to a union without any allegation as to why. Moreover, although on the first page of his Complaint Plaintiff indicates that he brings suit under the ADEA, he does not allege that Defendant discriminated against him on the basis of his age whatsoever. (See id. 1, 3.) Accordingly, Plaintiff has failed to properly plead a claim under Title VII or the ADEA, and his

Complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii); see also Arista Records LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010).

## IV.  CONCLUSION

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. In light of his pro se status, Plaintiff may file an amended complaint within thirty days from the entry of this Memorandum and Order. This amended complaint must details facts (also known as the statement of claim) sufficient to support a plausible claim that Defendant discriminated against him in violation of Title VII and/or the ADEA. If Plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 13-CV-2437 (NGG) (LB). Plaintiff is cautioned that an amended complaint will completely replace his original Complaint. No summons shall issue and all further proceedings shall be stayed for thirty days or until Plaintiff has complied with this Memorandum and Order.

The Clerk of Court is respectfully directed to forward an employment discrimination complaint form to Plaintiff with this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed, the action shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
      May _3_, 2013

NICHOLAS G. GARAUFIS  
United States District Judge